IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

ENRIQUE CASTANEDA JR.,

    *Defendant.*

Case No. 13-40028-EFM-1

**MEMORANDUM AND ORDER**

Defendant Enrique Castaneda Jr. has filed a motion titled, "Motion for Judge to Review Video on DVDs In Camera Before It Is Shown to the Jury" and has asked this Court to review the Government's video evidence before trial to determine if the videos meet the legal definition of child pornography. As a result of a hearing on the motion, the Court agreed to review the video evidence for the limited purpose of determining whether it is relevant for admissibility purposes in the event of a jury trial for receipt and possession of child pornography.

After this review, the Court finds that the video evidence is relevant for a jury to assess whether the content meets the definition of child pornography under federal law. Therefore, the Court grants Castaneda's motion to the extent that it agreed to a pretrial review of the videos in camera, but the Court denies the motion to the extent that it asks the Court to make a legal determination of whether the content constitutes child pornography.

### I. Factual and Procedural Background

In April 2013, a grand jury indicted Enrique Castaneda Jr., charging him with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The charges stem from an investigation of a Canadian movie production company that advertised DVD movies and streaming videos featuring boys under the age of 18. The investigation led to a search warrant for Castaneda's residence in Saint George, Kansas, where federal agents seized 23 DVD movies containing images of nude boys. According to the Government, Castaneda admitted to ordering approximately 20 DVDs. Castaneda estimated the boys in the videos to be 12 to 16 years old. Both parties agree that the videos do not depict sexual intercourse. The parties disagree, however, about whether the videos depict "lascivious exhibition of the genitals or pubic area of any person," which is included in the definition of "sexually explicit conduct" prohibited by the child pornography statutes.

In February 2014, Castaneda filed a motion titled, "Motion for Judge to Review Video on DVDs In Camera Before It Is Shown to the Jury." (Doc. 34). A hearing was held in April 2014, and a jury trial was continued pending resolution of the motion. As a result of the hearing, the Court agreed to review the Government's evidence and provides the following factual summary.

The United States Attorney's Office has provided the Court with selected excerpts of the videos seized from Castaneda. These excerpts are represented to be typical of all the videos seized, and are the complete selection of video material which the prosecution intends to produce at the jury trial. The selections, which total about an hour in length, appear to be drawn from three or more separate videos. They are all very similar, however.

All of the videos show young boys, ages 12 to 14 (they not only appear that age, but at one brief point on the video they all briefly identify themselves, and place their ages within that

range).  The boys are totally undressed except for brief moments on the video, most of which involve them undressing.  The boys are both pre-pubescent and pubescent, the majority being pubescent.  Their genitals are plainly visible over half of the time, probably three-fourths of the time, but not always.  They are never the focus of the camera shot – that is, the camera never zooms in to focus on the genitals to the exclusion of the boys' faces or other surroundings (though on a few occasions the camera zooms in on the boys' faces to the exclusion of the genitals).  None of the genitals are ever aroused, and they are never touched by another's hands or face.  The only genital contact ever visible is that which occurs naturally during the wrestling scenes (i.e., a leg or the back may make passing contact during the tumbling of wrestling), and one occasion where one boy readjusts his own genitals for only a second or two.

      The videos are all of boyish antics:  play-wrestling, splashing water around in a locker room, playing air guitar, pillow-fighting, boyish "acrobatics," sliding around a slippery locker room floor, playing twister, and lots of giggling laughter.  There is more than one scene in the shower, all with hand-held spray shower nozzles, but the focus of those scenes is either on the back or legs, or on spraying water around the room generally – the genitals are never sprayed or washed or focused on in any way.

      If the boys in these videos were all wearing gym shorts (or, for the shower and locker room scenes, swim trunks), and otherwise did exactly what they are doing in the videos, nothing about these videos would strike anyone as remotely sexual.  Of course, they are not wearing shorts in these videos, but are plainly and obviously naked.  Likely, the same boys and same activities in shorts or swim trunks would not have sold videos.  The marketability of these videos doubtlessly is due to the boys' exposure, but the utter lack of focus or attention to the genitals certainly makes them atypical pornography.

## II. Analysis

The motion before the Court asks that the Court review the Government's DVD evidence before it is presented to a jury for the purpose of determining whether the videos meet the legal definition of child pornography. Specifically, Castaneda has asked the Court to make this determination under Federal Rules of Evidence 104 and 403.[1]

The Tenth Circuit has not addressed the issue of whether a federal court is authorized to conduct such a preliminary review of the Government's evidence, or if so, what procedure is appropriate for such a review. The Eighth Circuit has directed lower courts to conduct such a preliminary review but provided little guidance about the procedure to be used.[2] Lower courts have suggested that such a review may be conducted through a motion in limine to exclude evidence before trial or before ruling on an evidentiary objection during trial.[3] Most courts agree that a court may not conduct a preliminary review of the sufficiency of the evidence for the purpose of resolving a motion to dismiss.[4] It does not appear that the propriety of conducting a pretrial preliminary review under a motion in limine has been the subject of appellate review.

---

[1] Rule 104 provides that "[t]he court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." FED. R. EVID. 104 (a). Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

[2] *See United States v. Kain*, 589 F.3d 945, 951 (8th Cir. 2009) ("We have cautioned that, in a jury trial, the district court should make a preliminary review of whether materials offered by the government depict sexually explicit conduct as a matter of law, to avoid the potential prejudice of submitting to the jury a large volume of prurient materials that could not properly be found to be child pornography.").

[3] *United States v. Grauer*, 805 F. Supp. 2d 698, 711 (S.D. Iowa 2011) (motion in limine); *United States v. Johnson*, 2009 WL 973107, at *1-3 (W.D. Mo. April 9, 2009) (concluding court could review evidence for relevance before admitting exhibits at trial).

[4] *See United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (emphasizing that courts should avoid considering evidence outside of an indictment when testing the indictment's legal sufficiency); *Johnson*, 2009 WL 973107, at *1 (noting there is no procedure that requires the Government to demonstrate the sufficiency of its case before trial, other than obtaining an indictment).

As noted earlier, the Court has reviewed the videos provided by the United States Attorney's Office. The remaining question to resolve the pending motion is whether the videos are legally child pornography. For the purposes of this motion, the parties and the Court have agreed that the Court is limiting its review to whether the evidence meets the admissibility standard for relevance under Federal Rule of Evidence 104.

To make this relevancy determination, the Court keeps its eyes toward the legal framework provided by the child pornography statutes and the potential instructions that would have to be considered by a jury at trial. Generally, child pornography is statutorily described as "any sexually explicit conduct [of a minor] for the purpose of producing any visual depiction of such conduct."[5] In turn, "sexually explicit conduct" is defined, in part as relevant here, as actual or simulated "lascivious exhibition of the genitals or pubic area of any person."[6]

The Tenth Circuit, along with all of the other circuits, have recognized six so-called *Dost* factors to determine whether an image constitutes a lascivious exhibition within the meaning of the child pornography statutes.[7] These factors are:

    1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

    2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

    3) whether the child is depicted in an unnatural pose, or inappropriate attire, considering the age of the child;

---

[5] 18 U.S.C. § 2251(a).

[6] 18 U.S.C. § 2256(2)(A)(v).

[7] *United States v. Wolf*, 890 F.2d 241, 244 (10th Cir. 1989) (citing *United States v. Dost*, 636 F. Supp. 828, 830 (S.D. Cal. 1986); *United States v. Helton*, 302 Fed. Appx. 842, 847 (10th Cir. Dec. 15, 2008) (citing other circuits that have used the *Dost* factors).

      4) whether the child is fully or partially clothed, or nude;

      5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

      6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.[8]

A finding of a lascivious exhibition does not require that all six factors exist, and such a finding may be based on the weight of any one factor.[9] The Tenth Circuit has not provided a pattern instruction for a jury to decide whether an image displays a "lascivious exhibition of the genitals or pubic area of any person." But circuits that have provided such a pattern jury instruction have included these six *Dost* factors, plus others. For example, the Eighth Circuit uses the following pattern instruction to explain lascivious:

> Whether a visual depiction of the genitals or pubic area constitutes a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as (1) whether the focal point of the picture is on the minor's genitals or pubic area; (2) whether the setting of the picture is sexually suggestive, that is, in a place or pose generally associated with sexual activity; (3) whether the minor is depicted in an unnatural pose or inappropriate attire, considering the age of the minor; (4) whether the minor is fully or partially clothed, or nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the picture is intended or designed to elicit a sexual response in the viewer; (7) whether the picture portrays the minor as a sexual object; and (8) the caption(s) on the picture(s).
> It is for you to decide the weight or lack of weight to be given to any of these factors. A picture need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area.[10]

---

[8] *Wolf*, 890 F.2d at 244; *Helton*, 302 Fed. Appx. at 848.

[9] *See Helton*, 302 Fed. Appx. at 848.

[10] Eighth Circuit Manual of Model of Jury Instructions, Criminal, §6.18.2252A (West 2011) (citing *Dost*, 636 F. Supp. at 832; *United States v. Arvin*, 900 F.2d 1385 (9th Cir. 1990)).

The Court recognizes that Castaneda cautions against using these *Dost* factors, recommending instead that a determination be based on a common definition of lascivious rather than a multi-factor test. Therefore, the Court's analysis is for the limited purpose of assessing relevancy and is not meant to be a predetermination of the instructions for this case. Based on limited Tenth Circuit precedent, these factors are useful in assessing the relevancy of the Government's evidence in light of what may need to be shown at trial. With that in mind, the Court considers the Government's evidence for relevance as it pertains to these factors.

*1) Whether the focal point of the picture is on the minor's genitals or pubic area*. Here, the boys' genitals are plainly visible more than half the time, but they are never the focus of the camera shoot. That is, the camera never zooms in to focus on the genitals to the exclusion of the boys' faces or other surroundings. The Court notes that there appears to be an utter lack of focus or attention to the genitals.

*2) Whether the setting of the picture is sexually suggestive, that is, in a place or pose generally associated with sexual activity*. Here, although the pictures may not be deemed sexually suggestive, the settings include a bed room, a locker room and more than one scene in a shower.

*3) Whether the minor is depicted in an unnatural pose or inappropriate attire, considering the age of the minor*. Here, boys aged 12 to 14 are almost always totally undressed. The boys are depicted wrestling and playing twister in addition to interacting in a locker room and shower.

*4) Whether the minor is fully or partially clothed, or nude*. Here, as noted before, the boys are totally undressed except for brief moments of being in the act of undressing. They are plainly and obviously naked.

*5) Whether the picture suggests sexual coyness or a willingness to engage in sexual activity*. Here, nothing about these videos would strike anyone as remotely sexual if the boys were all wearing gym shorts or swim trunks, and nothing about the videos suggests sexual coyness or willingness to engage in sexual activity.

*6) Whether the picture is intended or designed to elicit a sexual response in the viewer*. Here, the Court surmises that the same boys engaging in the same activities in shorts or swim trunks would not have sold videos. The marketability of these videos presumably is due to the boys being exposed.

*7) Whether the picture portrays the minor as a sexual object*. Here, the Court notes again that if the boys all were wearing shorts or swim trunks, nothing about these videos would strike anyone as remotely sexual. But they are not wearing shorts or swim trunks, and their nudity could certainly be seen as portraying them as a sexual object notwithstanding the lack of any sexual activity or coyness.

*8) The caption on the video*. The Court notes that the titles of the videos are not sexually suggestive and that there is no captioning on the videos other than a brief introduction attempting to explain a more permissive European attitude toward nudity.

The Court again emphasizes that the purpose of this review is not to determine whether the Government's evidence meets or fails to meet each of these factors. At this stage, the purpose of the review is to determine whether the Government's evidence is relevant to determining the answer to whether each factor is met. With that standard in mind, the Court cannot find that the Government's evidence is irrelevant. The videos contain images and information that would assist a jury in assessing whether each of these factors are met and how much weight, if any, to assign each of the factors in determining whether the images are lascivious.

That said, the Court recognizes that the Tenth Circuit has noted that the question of whether evidence meets the definition of child pornography is a mixed question of fact and law and that, specifically, the meaning of "lascivious exhibition of the genitals" is an issue of law.[11] The Court may consider what constitutes child pornography. The Court reserves the ability to consider a judgment of acquittal at the close of the Government's case. But the Court does not have the ability to make a similar determination before trial.[12] At this stage, the Court is only looking at relevance, and the Court finds that the Government's evidence is not irrelevant.

Castaneda's motion requests that this Court review the Government's video evidence before it is presented to the jury to determine if it meets the legal definition of "lascivious exhibition of genitals or pubic area." To the extent the motion has asked this Court to review the videos, the motion is granted. But the Court declines to determine if the video evidence meets the legal definition of lascivious and finds only that the evidence is relevant. Therefore, to the extent the motion asks this Court to rule beyond a finding of relevancy, the motion is denied.

**IT IS THEREFORE ORDERED** that Castaneda's Motion for Review (Doc. 34) is hereby **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED**.

Dated this 9th day of July, 2014.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[11] *See Helton*, 302 Fed. Appx. at 846.

[12] *See Johnson*, 2009 WL 973107, at *1 (noting that "there is no summary judgment procedure in criminal cases").